IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUIS SERRANO, et al.,** | : | **CIVIL ACTION** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **NO. 06-5075** |
| | : | |
| **JAMES COWLES, et al.,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                        September 25, 2008

      This is a diversity personal injury case resulting from the collision of two trucks in Berks County on September 12, 2005. The defendants have filed a motion *in limine* to preclude the plaintiffs' expert opinion testimony, and the plaintiffs have responded. For the reasons that follow, I will deny the motion in its entirety.

      On September 12, 2005, Luis Serrano and James Cowles were driving their trucks east on Interstate 78 in Berks County. Compl. ¶¶ 5-8. The complaint alleges that Mr. Cowles, driving a tractor trailer, attempted to pass Mr. Serrano, but struck the left rear of his box truck. Id. ¶ 8. The impact caused the plaintiff to lose control and strike the median barrier and careen over a guardrail into a seventy-foot embankment. Mr. Serrano sustained severe and permanent injuries including a fractured spine and neurologic impairment of his lower extremities, bladder, and bowel. Id. ¶ 11. Because of these injuries, Mr. Serrano can no longer perform his job as a delivery driver in the family business. Id. ¶ 14.

The complaint also alleges that Mr. Cowles was negligent in the operation of the vehicle in that he was speeding, that he was too tired to drive, that his truck had inadequate brakes, and that his truck was too heavy. Id. ¶ 9.  It further alleges that the defendant employer was also negligent in failing to maintain the braking system of the tractor trailer, by failing to monitor and enforce the hours of service of the individual defendant, by setting unrealistic delivery times which forces its employees to drive too fast, and by failing to monitor the drivers' logs. Id. ¶ 10.

There are photos of the scene taken a few hours after the accident by Mr. Serrano and his nephew.  The plaintiffs have offered the report of Rickey Stansifer of SEA, Ltd, an expert in accident reconstruction, who will testify that those photos reveal that the accident occurred in Mr. Serrano's lane, and that therefore the accident was caused by Mr. Cowles' negligence.  Mr. Stansifer concluded that Mr. Cowles crossed into the right lane approximately thirty-two inches at impact.  The left edge of Mr. Serrano's box truck was nine inches from the midpoint of the centerline but inside the lane at impact.  He also concluded that Mr. Cowles was traveling between seventy-four and eighty-five miles an hour, and that Mr. Serrano was traveling fifty to fifty-five miles an hour at impact.

The defendants ask that I preclude the admission of Mr. Stansifer's expert report and bar him from testifying at trial.  They insist that Mr. Stansifer's opinions are based on assumptions not found in the record, and could ultimately mislead the jury.  Mr. Stansifer's opinions, they contend, are based on assumptions founded on random data

without sufficient factual foundation. For example, the defendants characterize Mr. Stansifer's opinion regarding the damage to the right front steering linkage to Mr. Cowles' truck as being based on inaccurate and fabricated facts. His opinion that Mr. Cowles' truck extended into the right lane approximately thirty-two inches while Mr. Serrano's truck was nine inches from the midpoint, is also unsupported by the record according to the defendants. The defendants also contend that Mr. Stansifer's opinion that the accident happened when Mr. Cowles' truck hit the left rear of the truck operated by Mr. Serrano, when Mr. Serrano's truck was fully in the right lane is inconsistent with the testimony of Christian Quigley, an eyewitness. Finally, the defendants challenge Mr. Stansifer's conclusions regarding the speed of the vehicles involved because they contend that it is impossible based on the evidence in the record to determine.

A trial court has broad discretion to admit or exclude the testimony of a qualified expert offered to render scientific or technical opinions which are sufficiently reliable to allow a trier of fact to better understand the evidence at issue. See FED. R. EVID. 702.[1] Experts may rely on facts from firsthand knowledge or observation, information learned

---

[1] Rule 702 provides that "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

at the hearing or trial, and facts learned out of court. See FED. R. EVID. 703;[2] see also In Re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 747 (3d Cir. 1994). Rule 705[3] provides for the disclosure of facts underlying the expert's opinion. See FED. R. EVID. 705; see also FED.R.CIV.P. 26(a)(2)(B) and 26(e)(1) (relating to disclosure in advance of trial of the basis and reasons for an expert's opinion). It is an abuse of discretion to admit expert testimony which is based on assumptions lacking any factual foundation in the record. See Elcock v. Kmart Corp., 233 F.3d 734, 756 n.13 (3d Cir. 2000) (discussing Rules 702, 703, 402, and 403 and stating that foundational requirement for admissibility of expert testimony is found in the "interstitial gaps" among the federal rules). Rule 705 together with Rule 703 places the burden of exploring the facts and assumptions underlying the testimony of an expert witness on opposing counsel during cross-examination. Stecyk v. United States, et al., 295 F.3d 408, 414 (3d Cir. 2002) (citing Ratliff v. Schiber Truck Co., Inc., 150 F.3d 949, 955 (8th Cir. 1998)).

Here, the record reflects a factual foundation sufficient to support Mr. Stansifer's

---

[2] Rule 703 provides that "the facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect."

[3] Rule 705 provides that "the expert may testify in terms of opinion or inference and give reasons therefor without first testifying to the underlying facts or data, unless the court requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross examination."

opinions. Mr. Stansifer outlined the procedures he followed in reviewing the evidence. He also explained the scientific methodology utilized to review the evidence, especially the photographs. His report, dated July 16, 2007, indicates that he considered and reviewed the following evidence in reaching his opinions: the police accident report; witness statements by Michael Knaub and Christian Quigley; the repair records for the tractor unit operated by Mr. Cowles; the post-accident photos taken of the tractor unit operated by Mr. Cowles; the photographs taken by Mr. Serrano and his nephew several hours after the accident; a driver report of the accident submitted by Mr. Cowles; and the deposition testimony of Luis Serrano, Sr., Luis Serrano, Jr., Jose Serrano, Christian Quigley, Michael Knaub, Trooper Beck, Trooper Koslowsky, James Cowles, and Brian Crowe. In addition, Mr. Stansifer used a scaled drawing of the highway based upon a site survey and the state highway drawings which depict road elevations and lane measurements. The photograph of the roadway shows one scuff mark emanating from the right front tire of Mr. Cowles' tractor. After reviewing the photo and the record of the tractor's repair, Mr. Stansifer determined that the steering linkage of the tractor was damaged in the impact with Mr. Serrano's truck. The impact damage caused the tire to scuff because it was in an extreme "toe out" position. The scuff mark began at the point of impact when the right front tire was forced out of proper alignment by damage to the steering linkage. Mr. Stansifer placed the position of the vehicles at impact in the right hand lane. He logically concluded that the tractor could not be operated without scuffing

the right front tire because the steering linkage was damaged, and that the resultant scuff mark placed the point of impact of the vehicles in the right lane of Interstate 78.  The expert based his opinion on the fact that the tractor had eighteen wheels but seventeen of them did not leave a mark.

Mr. Stansifer reviewed the available evidence in the case, analyzed the photographs, and rendered a detailed opinion regarding the position of each vehicle relative to the lanes at the moment of impact and the operating speeds of the vehicles. Because Mr. Stansifer has met the foundational requirements for admissibility, the burden shifts to the defendants to explore any alleged deficiencies in his report.  A party confronted with an adverse expert witness who has sufficient facts and assumptions as the basis for his opinion can highlight those weaknesses through effective cross-examination. Stecyk v. United States, et al., 295 F.3d at 414 (citing Ratliff v. Schiber Truck Co., Inc., 150 F.3d at 955); see also Daubert v. Merrell Dow Pharm, Inc., 509 U.S. 579, 596 (1993) ("vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence").  Determinations regarding the weight to be accorded and the sufficiency of the evidence relied upon by the proffered expert, are within the sole province of the jury.  Breidor v. Sears, Roebuck and Co., 722 F.2d 1134, 1138-39 (3d Cir. 1983) (holding where there is a logical basis for expert opinion testimony, the credibility and weight of that testimony should be determined by the jury); see also Walker v.

Gordon, 46 Fed. Appx. 691, 695 (3d Cir. 2002) (same).

     In conclusion, the proper avenue for examining the facts and assumptions underlying the opinions of the plaintiffs' expert is through cross examination at trial and not by a motion to preclude. I will deny the defendants' motion in its entirety.

     An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS SERRANO, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. 06-5075 |
| | : | |
| JAMES COWLES, et al., | : | |
| Defendants | : | |

**O R D E R**

**AND NOW,** this 25th day of September, 2008, upon careful consideration of the defendants' motion *in limine* (Document # 37), and the response thereto of the plaintiffs (Document #48), IT IS HEREBY ORDERED that the motion is DENIED in its entirety.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.