IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS SERRANO, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. 06-5075 |
| | : | |
| JAMES COWLES, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

**STENGEL, J.**                                                                                          September  30, 2008

This is a diversity personal injury case resulting from the collision of two trucks in Berks County on September 12, 2005.  The defendants have filed a motion *in limine* to preclude evidence of benefits paid or payable by an insurance company.  The plaintiffs have responded.  For the reasons that follow, I will deny the motion in its entirety.

Transguard Insurance Company of America, an Illinois insurer, issued an occupational accident insurance policy to Sub Contracting Concepts, Inc., of Glen Falls, New York.  The Named Insured on the policy is the National Association of Independent Truckers, LLC, of Kansas City, Missouri.  The policy extended benefits to, *inter alia*, El Huinca Trucking and its employee, Luis Serrano, both residents of New Jersey.

On September 12, 2005, Luis Serrano and James Cowles were both driving their trucks east on Interstate 78 in Berks County.  Compl. ¶¶ 5-8.  The complaint alleges that Mr. Cowles, driving a tractor trailer, attempted to pass Mr. Serrano, but struck the left rear of his box truck.  Id. ¶ 8.  The impact caused the plaintiff to lose control and strike the median barrier and careen over a guardrail into a seventy-foot embankment.  Mr.

Serrano sustained severe and permanent injuries including a fractured spine and neurologic impairment of his lower extremities, bladder, and bowel. The complaint further alleges that because of these injuries, Mr. Serrano can no longer perform his job as a delivery driver in the family business. In correspondence dated May 8, 2007, Transguard advised the plaintiffs that it intended to assert a lien in the amount of $122,387.42 for the disability ($25,500.11) and medical ($96,887.31) benefits that it had paid under the policy. See Def.'s Ex. A.

The defendants filed a motion seeking to preclude evidence at trial of benefits paid or payable by Transguard. They argue that evidence of disability and medical benefits received by a plaintiff is inadmissible based on Pennsylvania law, and as support, cite two sections of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"). Section 1720 of the MVFRL provides that:

> In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits), or 1715 (relating to availability of adequate limits) or benefits paid or payable by a program, group contract or other arrangement whether primary or excess under section 1719 (relating to coordination of benefits).

75 Pa.C.S.A. § 1720 (footnote added). Section 1722 of the MVFRL provides that:

> In any action for damages against a tortfeasor, . . ., arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in

> this subchapter, . . . or any program, group contract or other
> arrangement for payment of benefits as defined in section
> 1719 (relating to coordination of benefits) shall be precluded
> from recovering the amount of benefits paid or payable under
> this subchapter, or any program, group contract or other
> arrangement for payment of benefits as defined in section
> 1719.

75 Pa. C.S.A. § 1722. The defendants insist that these sections demonstrate that Transguard has no right of subrogation for benefits paid, and that therefore the plaintiffs should be precluded from offering evidence of any medical or disability benefits paid by Transguard. The defendants' reliance, however, upon the MVFRL is misplaced.

Transguard paid Mr. Serrano's disability and medical expenses pursuant to a valid occupational accident insurance policy. The reimbursement to Transguard is governed by the policy conditions set forth in that policy:

> **Right of Recovery:** If third persons are responsible for the covered Injury for which benefits are paid by Us, You may pursue Your remedies against such persons, and We will continue payment of benefits subject to the following terms and conditions:
> 1. **Lien:** We shall have a lien on the amounts collected by You from such third persons to the extent of all benefits paid or payable to You. The amount collected by You to which Our lien shall attach shall be Your total recovery. We shall also be entitled to Our pro-rata share of any interest collected on the Net Recovery. . . .
> 4. **Subrogation:** We shall be subrogated to any right of recovery You may have against others to the extent of Our benefits paid and payable together with Our expenses of recovery and We may, upon thirty days' prior written notice to You, commence Our own action under this right of subrogation. In such event, the recovery will be distributed in the same

>   manner as a recovery by You.

See Def. Ex. C at 22-23.  Transguard is an Illinois insurer.  Mr. Serrano and his employer are residents of New Jersey.  While the MVFRL limits tort recovery of defined benefits, it does not apply to out-of-state insurers or their insureds.  See O'Malley v Vilsmeir Auctions Co., 986 F. Supp. 306 (E.D. Pa. 1997) (economic loss damages subject to subrogation of an out-of-state insurer could be recovered); see also Smith v. Klein's Bus Service, 1997 U.S. Dist. LEXIS 1252 (E.D. Pa. 1997).  Accordingly, an out-of-state insurer cannot be precluded from obtaining subrogation from their out-of-state insureds.  Id.

   An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS SERRANO, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. 06-5075 |
| | : | |
| JAMES COWLES, et al., | : | |
| Defendants | : | |

## O R D E R

_____**AND NOW,** this   30th   day of September, 2008, upon careful consideration of the defendants' motion *in limine* (Document # 33), and the response thereto of the plaintiffs (Document #47), IT IS HEREBY ORDERED that the motion is DENIED in its entirety.

BY THE COURT:

  /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.